UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAL-MART STORES, INC.

      Plaintiff,

v.

DON COLEMAN ADVERTISING INC.,
d/b/a GLOBALHUE,

JOHN POLDERMAN, in his capacity as
state court receiver for Donald Coleman,

RINGSIDE CREATIVE, LLC,

COMERICA INCORPORATED, and

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

      Defendants.

Case No. _____

Hon. _____

## WAL-MART STORES, INC.'S INTERPLEADER COMPLAINT

NOW COMES, Wal-Mart Stores, Inc., through its attorneys ZAUSMER AUGUST & CALDWELL, P.C., and hereby files this Interpleader Complaint pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 against the above-captioned Defendants, and states as follows:

PARTIES

1. Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation incorporated in

{01156355}

Delaware with a principal place of business in Arkansas. As such, Wal-Mart is a citizen of Delaware and Arkansas.

2. Don Coleman Advertising Inc. d/b/a GlobalHue ("GlobalHue") is a corporation incorporated in Michigan with a principal place of business in Southfield, Oakland County, Michigan. As such, GlobalHue is a citizen of Oakland County, Michigan.

3. John Polderman is an individual residing in Oakland County, Michigan appointed by the Oakland County Circuit Court as receiver for Donald Coleman, relative to an action for divorce. Amended Order Appointing Receiver, attached hereto as "**Exhibit A"**. As such, John Polderman, in his capacity as state court receiver for Donald Coleman, is a citizen of Oakland County, Michigan.

4. Ringside Creative, LLC ("Ringside") is a Michigan limited liability company with a principal place of business in Oak Park, Oakland County, Michigan. As such, Ringside is a citizen of Oakland County, Michigan.

5. Comerica Incorporated ("Comerica") is a corporation incorporated in Delaware with a principal place of business in Texas. As such, Comerica is a citizen of Delaware and Texas.

6. The United States of America, Internal Revenue Service ("IRS") is an agency of the United States of America.

## JURISDICTION

7.  Wal-Mart's Interpleader Complaint is brought pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure. Wal-Mart has in its custody and possession a sum of money in the amount of $281,250.00 (the "Money"). Two or more of the above-named Defendants have asserted, or may assert, adverse and inconsistent claims to the Money, potentially exposing Wal-Mart to double or multiple liability. Wal-Mart is ready, willing, and able to deposit the Money into the registry of the Court.

8.  The Court has diversity jurisdiction over this interpleader action because, pursuant to 28 U.S.C. § 1335, two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such Money.

## VENUE

9.  Venue is proper in this District and Division pursuant to 28 U.S.C. § 1397 because one or more of the claimants reside in Oakland County, Michigan, which is in the Eastern District of Michigan.

## COUNT I
## INTERPLEADER

10. Wal-Mart is a disinterested stakeholder seeking direction from the Court as to which party or parties are entitled to what portion of the Money.

11. Wal-Mart purchased certain advertising services from GlobalHue.

GlobalHue issued invoices to Wal-Mart, some of which remain unpaid. Wal-Mart wishes to satisfy its obligations to GlobalHue.

12.   John Polderman, in his capacity as state court receiver for Donald Coleman, is the duly appointed receiver with authority over all of Donald Coleman's membership interests, shares of stock, and interests in businesses, including GlobalHue. Thus, John Polderman, in his capacity as state court receiver for Donald Coleman, asserts or may assert an interest or claim relative to the Money.

13.   On January 5, 2016, Ringside obtained a consent money judgment against GlobalHue in the amount of $400,000 in Oakland County Circuit Court Case No. 15-147519-CB ("the State Court").

14.   Incident to the Ringside Consent Judgment, the State Court issued Writs for Garnishment (non-periodic) against various parties, including Wal-Mart. Writ of Garnishment, attached hereto as "**Exhibit B.**" In compliance with the Writ of Garnishment, Wal-Mart began to withhold the funds it owed to GlobalHue.

15.   Comerica has informed Wal-Mart that Wal-Mart's account payable to GlobalHue has been assigned to Comerica, pursuant to an amended security agreement. Comerica has demanded that all payments on Wal-Mart's account payable to GlobalHue be paid directly to Comerica. Comerica Letter Regarding

Payment, attached hereto as **"Exhibit C"**.

16. The IRS asserts or may assert liens, security interests, and/or claims relative to the Money as a tax creditor of GlobalHue. Michigan Dept. of State, Uniform Commercial Code Statement, attached hereto as "**Exhibit D.**" Specifically:

a) On November 10, 2008, the IRS filed federal tax lien #2008172444-5 in the State of Michigan against taxpayer "Don Coleman Advertising Inc.", having an address of 4000 Town Ctr, Ste 1600, Southfield, MI 48075-1400. Attn: Team 204, 145585 Stop 8420G, Cincinnati, OH 45250-5585; and

b) On December 8, 2015, the IRS filed federal tax lien #2015169300-1 in the State of Michigan against taxpayers "Don Coleman Advertising Inc" and "GlobalHue", each having an address of 4000 Town Ctr, Ste 1600, Southfield, MI 48075-1400. Attn: Team 204, 145585 Stop 8420G, Cincinnati, OH 45250-5585.

17. Wal-Mart has filed this Interpleader Complaint to avoid multiple liability and unnecessary suits and costs.

18. Wal-Mart is ready, willing, and able to deposit the Money into the registry of the Court.

19. Wal-Mart makes no claims to the Money, but requests that the Court adjudicate any adverse and inconsistent claims of the Defendants as to each of their interests in, and entitlement to, the Money.

20. Wal-Mart has not unreasonably delayed the filing of this Interpleader Complaint.

21. Wal-Mart further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings. Wal-Mart is an innocent, disinterested stakeholder that has brought this proceeding in good faith, and has reasonable doubts as to the party or parties entitled to the Money. *See First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005).

## REQUEST FOR RELIEF

Wal-Mart requests that each of the above-named Defendants be cited to answer herein, interpleading any and all claims to the Money. Wal-Mart further requests the following:

1. That the Court grant leave to Wal-Mart to deposit the Money into the registry of the Court;

2. That the Court enter an order directing which of the Defendants are entitled to what portion of the Money;

3. That the Court enter an order discharging Wal-Mart from all liability to each of the Defendants on account of the matters relating to the Money,

and granting injunctive relief restraining each of the Defendants from instituting or maintaining any action against Wal-Mart for recovery of the Money;

4. That Wal-Mart recover reasonable fees for the service of its attorneys, together with all court costs and expenses incurred by Wal-Mart in this suit, with all such fees costs, and expenses to be paid out of the Money prior to any award to the prevailing party or parties; and

5. Such other and further relief, at law or in equity, to which the Court finds that Wal-Mart is entitled.

Respectfully submitted,

ZAUSMER, AUGUST & CALDWELL, P.C.

/s/ *Mark M. Bassily*
NICOLE M. WRIGHT (P63513)
MARK M. BASSILY (P76631)
Attorneys for Wal-Mart Stores, Inc.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111

Dated:  June 23, 2017            nwright@zacfirm.com

{01156355}

7